FREDERICK B. AMSDEN, Executor, *vs.* SIMEON DANIELSON.

The decision in this case, reported in 18 R. I. 787 is affirmed.

A debtor cannot defeat a suit brought against him in one jurisdiction by a subsequent voluntary payment in another jurisdiction; and in such cases a payment is voluntary when made without compulsion.

After the decision reported in 18 R. I. 787, this case again

came before the court on plaintiff's demurrers to defendant's rejoinders.

*July* 7, 1896.    STINESS, J.    This case was before us at a previous term on demurrers to plaintiff's replication.    After the opinion given thereon, 18 R. I. 787, overruling the demurrers, the case went back to the Common Pleas Division and the defendant filed rejoinders, to which the plaintiff has demurred, and the demurrers are certified to this Division.

The pleadings set up these facts : The plaintiff is the domiciliary executor of the will of Lucretia C. Danielson, a resident of this State.    He holds the promissory note of the defendant, payable to the testatrix, upon which this suit is brought.    The writ issued January 12, 1894, and was served by attaching real estate of the defendant in the city of Providence.    The defendant is a resident of Killingly, Connecticut, who pleads that after the commencement of this suit, to wit, January 18, 1894, William H. Chollar was appointed administrator with the will annexed in Connecticut ; that he demanded payment of said note of the defendant, who thereupon paid to him all that was due thereon.    To this the plaintiff replied that there was no property in Connecticut, except a trifling amount of furniture which had been fully administered before the application to record the will in that State ; that the defendant induced the plaintiff to forbear the bringing of this suit by a payment on account and by a promise to pay the balance on a certain day ; that taking advantage of the delay thus obtained, and contriving to evade the payment of the amount due on said note to this plaintiff, he procured the appointment of said Chollar as administrator in Connecticut, and made the payment set forth in the plea.    On demurrer to the replications we decided that the plaintiff had the right to sue the defendant in this State, if he could find him or his property within this jurisdiction ; and that a voluntary and collusive payment, such as was set up in the replications, was no bar to a suit in this State which had been commenced before the appointment of the foreign administrator to whom such payment was made.    The rejoinders now filed deny that there was no property in Con-

necticut ; that a payment on this note had been made to the plaintiff ; that the payment to Chollar was voluntary and collusive, and that the promise to pay was made in consideration that the plaintiff would forbear to sue or for the purpose of preventing the attachment ; but they allege that the promise to pay was made before the defendant had been advised by counsel that said note was assets in the State of Connecticut.

It thus appears that the underlying fact of defence set forth in the pleading is the payment to Chollar, and we do not see that the rejoinders substantially change the question which was heard and decided before. It is also evident that the counsel for the defendant consider that the question is the same, since they present the same argument and authorities as in their previous brief, adding little except strictures upon the decision of the court.

The burden of the argument for the defence is that the debt was an asset in Connecticut. We have not said that it was not. But suppose it was. The cases are practically unanimous that an executor may collect it elsewhere than in the debtor's domicil, if he can, and the counsel for the defendant cites no case to the contrary. Of course, as we said before, the debtor will not be *compelled* to pay twice, and so we pointed out that the payment here relied on was a *voluntary* payment. It appears by the replications, without denial, that the defendant himself, as next friend for his minor daughters, started the proceedings in Connecticut, and, by his own plea, that upon *demand* for the debt by Chollar, he paid it. Counsel now argue that "a voluntary payment is a gratuitous payment or one without consideration." They overlook the fact that the word "voluntary," as used in this connection in all the cases, means *without compulsion*. Thus, in *Whipple* v. *Robbins*, 97 Mass. 107, where a trustee allowed himself to be defaulted, without disclosing the pendency of a suit against him in Connecticut, and paid the judgment against him, the court said : "His payment under such circumstances must be regarded as voluntary, if not collusive ; and therefore no protection against the present action." It

is familiar phrase to speak of a voluntary assignment, as distinguished from one in proceedings *in invitum*. After one has been sued in one jurisdiction he cannot plead in bar of the suit a voluntary payment in another jurisdiction. If he is sued the second time he can plead the former pending suit or judgment, and courts will so proceed as to protect one who has acted in good faith from being compelled to pay twice. The *situs* of the assets is a matter which affects the accounting and not the jurisdiction in the collection of debts. If, under a proper construction of the will, the money collected belongs to parties in Connecticut, the executor in this State will be bound to account for it accordingly.

But the point of confusion on the part of the defendant's counsel is right here. They say that Ada C. and Florence H. Danielson are legatees under the will, and that they procured the proceedings in Connecticut. Then they say in their brief: "The opinion does not refer to the legatees, although they are the parties principally interested. Now I ask this court, pointedly, it is true, but in all candor and fairness, and with no unkindly feeling, is this right?" We are obliged to say that we think it is. We cannot settle the rights of legatees under a will in a suit upon a promissory note to which they are not parties. We have only the plaintiff and defendant before us. Even the will is not before us in the pleadings, and we do not see how we could construe it in this action of *assumpsit* if it was. The simple question is, can the defendant, after an action is brought in this State upon a promissory note, held by the executor in this State, defeat the action by getting an administrator appointed in his own State, and then making a voluntary payment to him. We do not think he can. The rejoinders do not set up a compulsory payment or any facts which raise any new question. The simple denial that the payment was voluntary, in the face of the plea which shows that it was so in law, is no answer to the replications. We therefore sustain the demurrers to the rejoinders.

*John F. Lonsdale*, for plaintiff.
*Stephen O. Edwards & Walter F. Angell*, for defendant.