396 P.2d 405

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Charles Orvel COLSTON, Defendant and Appellant.**

**No. 10076.**

Supreme Court of Utah.

Nov. 12, 1964.

---

1. Lake Shore Motor Coach Lines, Inc. v. Bennett, 8 Utah 2d 293, on page 296, 333 P.2d 1061, on page 1063.

Phil L. Hansen, Salt Lake City, for appellant.

A. Pratt Kesler, Atty. Gen., Ronald N. Boyce, Chief Asst. Atty. Gen., Salt Lake City, for respondent.

McDONOUGH, Justice.

Defendant-appellant was charged with improper registration of a combination pickup truck and house trailer, in the following charge in the City Court of Price, Utah:

" * * * that Charles Orvel Colston on or about the 2nd of February, 1963, at and within the County of Carbon, State of Utah, did commit the crime of violating Section 41–1–134, Utah Code Annotated, 1953, as amended, as follows:

" 'That the said defendant, at the time and place aforesaid, operated a vehicle upon a public highway, to wit: U. S. 50 & 6, at Peerless, Carbon County, State of Utah, which said vehicle was registered in that State of Utah for 12,000 pounds, and which said vehicle at said time and place, weighed 15,400 pounds gross weight * * *.' "

A trooper of the Utah Highway Patrol testified that he had weighed the combined vehicles at the mouth of Price Canyon, observed that the pickup was stenciled "12,000 pounds" and stated to Mr. Colston, "that at this time he was 3,400 pounds over what his unit was registered for, and that I was going to issue him a citation for that."

Mr. Colston was found guilty and fined $25; a trial de novo in the District Court for the Seventh Judicial District resulted in an affirmance of the judgment and conviction; and the defendant appealed to the Supreme Court, raising questions of the sufficiency of the charge and the evidence to support the conviction and attacking the statute as being arbitrary, unreasonable and discriminatory.

Section 41–1–134, mentioned in the complaint which served as the basis for appellant's conviction in the city court, deals with the penalty imposed for failure to pay registration fees. The complaint was amended by the judge of the district court on appeal by interlineation to show Section 41–1–127 as the violated statute, but the statute concerned with operating a vehicle with a gross-laden weight in excess of that for which it is registered is, in fact, Section 41–1–128.

However, appellant's complaint about the citation confusion is without merit since the language fully apprised him of the precise charge against him.

The requirements for a sufficient complaint have remained virtually unchanged in the Utah Code since 1898 and now control under U.C.A.1953, 77–11–1. Although that section includes "(3) The general name of the crime or public offense" as one of the essentials of a valid complaint, it has been held under the same language, R.S.Utah 1933, 105–11–1, that a misnomer will not void the complaint or information "where there is a sufficient detailing of the facts constituting the offense in the body of the instrument so that the defendant is fully apprised of the nature of the charge against him." State v. Scow, 101 Utah 564, 125 P.2d 954. See also State v. Burke, 102 Utah 249, 129 P.2d 560; U.C.A.1953, 77–21–42; U.C.A.1953, 77–21–43.

■ Appellant contends that inasmuch as the weighmaster's hearsay testimony as to the weight for which the vehicles had been registered was stricken by the court, there is no evidence in the record of that important factor of his conviction. However, U.C.A.1953, 41–1–127(h) requires that every vehicle registered by gross-laden weight have painted or stenciled thereon the gross-laden weight for which it is registered and the gross-laden weight for a combination of vehicles must be displayed upon the power unit. Mr. Colston's truck showed that the truck or combination was registered for 12,000 pounds; when the weighmaster accepted the representation as truth in accusing him of a violation of the statute, Mr. Colston made no protest nor offered any qualifying explanation.

■ Finally, since passenger cars operated in combination with house trailers were excepted from the operation of the registration requirements, U.C.A.1953, 41–1–127(f), appellant protests that an unconstitutional classification existed since the statute required the registration of a privately-owned pickup truck, which might conceivably weigh less than a passenger car and which is more reliable and safe for the work of hauling a house trailer. A 1963 amendment to the section, enacted subsequent to appellant's conviction, added to the exception to its operation "and four-wheeled pick-up trucks not operated for compensation or for hire and the combined gross weight of the truck and trailer does not exceed 10,000 pounds." Appellant views the amendment as a legislative recognition that the section under which he was convicted was unreasonable and discriminatory class legislation.

However, appellant is without standing to urge such a conclusion. The expansion of the excepted class would not include his vehicles, since they weighed in combination 15,400 pounds and would be required to be registered under the statute as it now stands. It has been held that a regulation based upon the wear and tear to which the roads are subjected and dividing the classes of vehicle by weight is properly within the legislative province, Carter v. State Tax Commission, 98 Utah 96, 96 P.2d 727, 126 A.L.R. 1402. The inclusion of an exception for light-weight pickups hauling light-weight house trailers in the recent enactment demonstrates an attempt to achieve a more precise adherence to the principle that the charge should be made chiefly according to weight. Such action cannot be said to be unreasonable or discriminatory.

The judgment of conviction is affirmed.

HENRIOD, C. J., and CALLISTER, CROCKETT and WADE, JJ., concur.