STATE of Utah, Plaintiff and
Respondent,

v.

Larry ELLIOTT and William Harrison
Clayton, Defendants and Appellants.

Nos. 17350, 17351 and 17358.

Supreme Court of Utah.

Jan. 21, 1982.

Thomas H. Means, Provo, for defendants and appellants.

David L. Wilkinson, Atty. Gen., and Robert R. Wallace, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HALL, Chief Justice:

Defendants were charged with the offense of aggravated sexual assault[1] and convicted of the lesser included offense of forcible sodomy.[2] We need not recount the sordid details of the offense since the dispositive issue raised by this appeal is simply whether the court erred in denying defendants' request for instructions on the offenses of assault and aggravated assault as additional lesser included offenses.

---

1. In violation of U.C.A., 1953, 76–5–405(1)(a)(ii).

2. In violation of U.C.A., 1953, 76–5–403(2).

At the close of trial, the court delivered its instructions to the jury, without objection. However, after the jury had retired to deliberate, counsel for defendant Elliott took the following exception to the court's instructions:

> The only exception I would make, for the record, is that we requested an instruction on either assault or aggravated assault as a lesser included offense, which was denied.

The court's response was as follows:

> Very well. Court will be in recess until the jury returns.

Rule 19(c), Utah Rules of Criminal Procedure,[3] provides as follows:

> No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury is instructed, stating distinctly the matter to which he objects and the ground of his objection. Notwithstanding a party's failure to object, error may be assigned to instructions in order to avoid a manifest injustice.

Notwithstanding the foregoing statutory provision, the trial court sanctioned the taking of exceptions or objections *after* the jury retired to deliberate. This is evidenced by the court's minute entry which recites:

> Counsel will take any exceptions to the jury instructions while the jury is deliberating.

The instant case is analogous to the case of *State v. Close*,[4] both in substance and procedure. In that case, the defendant was convicted of the offense of indecent assault,[5] the court having refused to instruct the jury on the lesser included offense of simple assault. *After* the jury had retired to deliberate, defense counsel recorded his exception to the court's failure to instruct as to the lesser included offense. On appeal, this Court reversed, observing that simple assault was in fact a lesser included offense since it was necessarily included within the offense of indecent assault as charged.[6] The court further observed that the circumstances were such that the interests of justice required that the jury be informed of the lesser included offense and be given the opportunity to consider it as one of its possible verdicts.

We conclude as did the Court in *Close*, that when the trial court sanctions the taking of exceptions or objections to instructions after the jury has retired to deliberate, that the issue raised as to the propriety of the court's instructions is preserved for appeal purposes.

An offense is included in a greater offense when all of the elements thereof are included in the elements which constitute the greater offense.[7] When such is the case, the greater offense cannot be committed without necessarily committing the lesser offense, and proof of the greater offense necessarily includes proof of the elements necessary to prove the lesser offense.[8]

An accused is generally entitled to a jury instruction on lesser included offenses. However, the court has no obligation to charge the jury with respect to an included offense unless there is a rational basis in the evidence for a verdict of acquittal of the offense charged and for a verdict of guilt on an included offense.[9] For example, larceny is a lesser included offense of robbery, yet an instruction thereon is usually not warranted due to the peculiar elements of the offense of robbery which requires a taking from one's person, or immediate

---

3. U.C.A., 1953, 77–35–19(c); see also, Rule 51, Utah Rules of Civil Procedure; *Snyderville Transp. Co. v. Christiansen*, Utah, 609 P.2d 939 (1980); *State v. Pierren*, Utah, 583 P.2d 69 (1978); *State v. Close*, 28 Utah 2d 144, 499 P.2d 287 (1972); *State v. Cobo*, 90 Utah 89, 60 P.2d 952 (1936).

4. *Id.*

5. Under former law, U.C.A., 1953, 76–7–9.

6. Citing U.C.A., 1953, 77–33–6.

7. *State v. Williams*, Utah, 636 P.2d 1092 (1981).

8. *Id.*

9. U.C.A., 1953, 76–1–402(4).

presence, accomplished by means of force or fear.[10]

The determination of whether the lesser offenses of assault and aggravated assault are included within the offense of aggravated sexual assault requires an examination of the respective elements of those offenses.

The statutory[11] elements of the offense of aggravated sexual assault are:

1.  Commission of assault;

2.  In the course of forcible sodomy or attempted forcible sodomy;

3.  Causing serious bodily injury; or

4.  Compelling submission to forcible sodomy by threat of kidnapping, death, or serious bodily injury to be inflicted imminently on any person.

The statutory[12] elements of the offense of aggravated assault are:

1.  Commission of assault;

2.  Intentionally causing serious bodily injury to another; or

3.  Using a deadly weapon or such means or force likely to produce death or serious bodily injury.

The statutory[13] elements of the offense of assault are:

1.  An attempt;

2.  With unlawful force and violence;

3.  To do bodily injury to another.

█ It is to be seen from the foregoing that it is not possible to prove the offense of aggravated sexual assault without also proving the elements of both lesser offenses of assault and aggravated assault.

█ The evidence adduced at trial[14] established a rational basis for a verdict acquitting defendants of the offense charged and convicting them of the lesser included offenses of assault or aggravated assault.

We therefore conclude that the trial court erred in refusing to instruct the jury as to the lesser included offenses of assault and aggravated assault as requested.

Reversed and remanded for further proceedings consistent with this opinion.

STEWART, HOWE and OAKS, JJ., and G. HAL TAYLOR, District Judge, concur.

10.  U.C.A., 1953, 76–6–301.

11.  U.C.A., 1953, 76–5–405.

12.  U.C.A., 1953, 76–5–103. ·

13.  U.C.A., 1953, 76–5–102.

14.  Particularly the testimony of the defendants themselves, if believed, wherein they readily admitted the commission of assault, but denied the commission of sodomy or the intent to commit sodomy.