STATE of Utah, Defendant
and Appellant,

v.

Wendall H. HOFFMAN, Plaintiff
and Respondent.

No. 860169.

Supreme Court of Utah.

Feb. 11, 1987.

H. Delbert Welker, Salt Lake City, for defendant and appellant.

David L. Wilkinson and Dave B. Thompson, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant Wendall H. Hoffman appeals his jury conviction of practicing medicine without a license, a third degree felony under section 58–12–30.[1] We affirm the conviction.

---

1. All statutory citations are to U.C.A., 1953 (1986 Repl.).

Defendant has no license to practice medicine. He was previously convicted of the unlicensed practice of medicine in 1974 when he purported to diagnose and treat stomach pains as cancer and mercury poisoning. *See State v. Hoffman,* 558 P.2d 602 (Utah 1976). The trial testimony in support of his present conviction evidences that he continues in similar conduct—purporting to diagnose stomach pains as chemical poisoning, stomach ulcers, and "negative energies." For the witness who came to him for treatment and complained of such pains, he prescribed "pain killer" pills, ulcer medication, "celestial water,"[2] and special pillows, all to cure these supposed maladies.

On appeal, defendant claims that (1) the prosecutor did not first obtain sanction from the Physicians' Licensing Board before bringing charges against defendant; (2) the jury was not properly instructed as to what constitutes the "practice of medicine" as defined by section 58–12–28(4); (3) the act violates the first and fourteenth amendments of the United States Constitution; and (4) section 58–12–28(4) is unconstitutionally broad and void for vagueness.

In the interest of preventing the unauthorized, fraudulent, and incompetent practice of medicine, the Medical Practice Act forbids such activity, as defined therein, and imposes criminal sanctions. The explicit legislative intent of the Medical Practices Act is to protect the public from those unqualified and untrained who, in conducting a business, purport to diagnose and treat human ailments and diseases for compensation. §§ 58–12–27, –28; *Hoffman,* 558 P.2d at 605–06; *Board of Medical Ex-*

*aminers v. Blair,* 57 Utah 516, 521, 196 P. 221 (1921); *accord State v. Nelson,* 69 N.C. App. 638, 317 S.E.2d 711 (1984).

▓ The Physicians' Licensing Board, created by the Act, § 58–12–29.5, is empowered to license qualified persons and to control and regulate the practice of medicine under the Act. §§ 58–12–31, –35.1, –41. The statute does not bestow upon the Board prosecutorial power over the criminal conduct of unlicensed persons and requires no Board approval as a prerequisite to criminal prosecution under the Act. Defendant's argument that the Board's permission is required for criminal prosecution is specious. He cites no authority or statute that imposes such a requirement, and we find none.

▓ Defendant's second argument is addressed to his construction of section 58–12–28(4),[3] defining the "practice of medicine." Defendant claims that the jury was not properly instructed as to what conduct constitutes a violation of the statute. We do not treat his argument because although he raised the issue in a motion for a directed verdict, he proposed no jury instruction setting forth the elements which he claims constitute the offense of the unlicensed practice of medicine. Likewise, he registered no objection to the instructions which the court gave. Consequently, according to the record before us, he failed to preserve any objection thereto and, having waived it, may not renew it on appeal. *State v. Lairby,* 699 P.2d 1187 (Utah 1984); Utah R.Crim.P. 19(c).

▓ Regarding defendant's argument that the Act violates the first and four-

---

**2.** According to the trial testimony, defendant claimed that his "celestial water" was normal water "energized by the stars" through a unique secret device.

**3.** Section 58–12–28(4) states:

"Practice of medicine" means:

(a) to diagnose, treat, correct, advise, or prescribe for any human disease, ailment, injury, infirmity, deformity, pain or other condition, physical or mental, real or imaginary, or to attempt to do so by any means or instrumentality;

(b) to maintain an office or place of business for the purpose of doing any of the acts described in Subsection (a) whether or not for compensation;

(c) to use, in the conduct of any occupation or profession pertaining to the diagnosis or treatment of human diseases or conditions in any printed material, stationery, letterhead, envelopes, signs, advertisements, the designation "doctor," ... unless the designation additionally contains the description of the branch of the healing arts for which the person has a license.

teenth amendments of the United States constitution, defendant cites no authority in support of his contention. We find no merit to the contention.

■ Defendant claims that subsection (a) of section 58–12–28(4), defining the practice of medicine, is fatally vague and overbroad because it purports to make unlawful home remedies, private inquiries, and advice about one's general health and condition. Defendant's brief fails to distinguish between "vagueness" and "overbreadth" and, in fact, only argues the latter. "Vagueness" goes to the issue of procedural due process, i.e., whether the statute is sufficiently explicit and clear to inform the ordinary reader of common intelligence what conduct is prohibited. *State v. Pilcher,* 636 P.2d 470, 471 (Utah 1981). On the other hand, "overbreadth" relates to whether the statute is so broad that it may prohibit constitutionally protected behavior as well as unprotected behavior—a question of substantive due process. *City of Everett v. Moore,* 37 Wash.App. 862, 683 P.2d 617 (1984).

■ Legislative enactments are accorded a presumption of validity. In considering a challenge to the overbreadth of a law, the law must be shown to reach a substantial amount of constitutionally protected conduct. If it does not, the challenge will fail. *State v. Murphy,* 674 P.2d 1220, 1222 (Utah 1983). The right to practice medicine, to diagnose maladies, and to prescribe for their treatment is not constitutionally superior to the state's power to impose comprehensive and rigid regulations on the practice.[4] Defendant has not shown and cannot show that a criminal violation of the Act by the unlicensed prescription of treatments and cures to the gullible and unwary public for compensa-

tion rises to the level of a constitutionally protected activity. *State v. Hoffman, supra; State v. Blair, supra; People v. Jeffers,* 690 P.2d 194 (Colo.1984).

The State claims that defendant lacks standing to raise this issue because his conduct proven at trial is clearly within a narrow, constitutional construction of the statute. *State v. Jordan,* 665 P.2d 1280, 1284 (Utah 1983). Essentially, defendant purports to assert the rights of unknown third persons who might prescribe such domestic or home remedies, generally offering advice as to another's health.[5]

■ The constitutionality of a statute is considered in light of the standing of the plaintiff who raises the question and of its particular application in his case. The plaintiff may challenge its validity only to the extent the alleged basis of its infirmity is, or will be, applied to his detriment. *Cavaness v. Cox,* 598 P.2d 349, 352 (Utah 1979); *State v. Kallas,* 97 Utah 492, 94 P.2d 414 (1939). Defendant did not render gratuitous advice regarding a "domestic" or "over-the-counter" remedy and may not avail himself of the argument that the statute improperly might prohibit others from such conduct. *Cf. State v. Yee Foo Lun,* 45 Utah 531, 147 P. 488 (1915); *State v. Shaffer,* 725 P.2d 1301 (Utah 1986). His opinion and advice to the complainant, for which he was paid, could not be construed as the equivalent of an innocuous suggestion that she "go home and rest" or "take an aspirin."

Therefore, because defendant's conduct is clearly within a narrow constitutional construction of the statute's prohibition intended by our legislature, he may not be heard to complain that the statute is overbroad so as to prohibit conduct that is not applicable to the facts of his case.[6] Having

---

4. *Dent v. West Virginia,* 129 U.S. 114, 9 S.Ct. 231, 32 L.Ed. 623 (1889); *Douglas v. Noble,* 261 U.S. 165, 43 S.Ct. 303, 67 L.Ed. 590 (1923); *Lambert v. Yellowley,* 272 U.S. 581, 47 S.Ct. 210, 71 L.Ed. 422 (1926).

5. But see section 58–12–30(5), which permits an individual to administer or advise "a domestic or family remedy" except for prescription drugs.

6. *State v. Colston,* 16 Utah 2d 89, 396 P.2d 405 (1964); *cf. State v. Sherman,* 98 Wash.2d 53, 653 P.2d 612, 614 (1982); *Mahaney v. Hunter Enterprises, Inc.,* 426 P.2d 442 (Wyo.1967).

engaged in conduct not constitutionally protected, defendant is not entitled to assert a constitutional claim that might be argued by someone else who prescribes domestic or family remedies. *People v. Jeffers*, 690 P.2d at 194; *State v. Baker*, 229 N.C. 73, 48 S.E.2d 61, 67 (1948).

The conviction is affirmed.