**The STATE of Utah, Plaintiff and Respondent,**

v.

**Pedro P. GARCIA, Defendant and Appellant.**

**No. 860223–CA.**

Court of Appeals of Utah.

Nov. 4, 1987.

Rehearing Denied Dec. 7, 1987.

Manny C. Garcia, Joan C. Watt, Salt Lake Legal Defender Asso., Salt Lake City, for defendant and appellant.

David L. Wilkinson, State Atty. Gen., David B. Thompson, Asst. Atty. Gen., for plaintiff and respondent.

Before BENCH, GREENWOOD and GARFF, JJ.

OPINION

BENCH, Judge:

Defendant Pedro Garcia appeals from his conviction on two counts of aggravated assault. We affirm one conviction and reverse the other.

At a party on February 7, 1986, Maria Villagerana was injured and her brother-in-law Lorenzo Bejarano was shot in the back of the head. Maria identified defendant as the assailant. Defendant was subsequently charged with two counts of aggravated assault in violation of Utah Code Ann. § 76–5–103 (1978).

At trial, Maria testified that during the party, she went to the restroom to fix her make-up. As she emerged from the restroom, defendant grabbed her by the hair and demanded she leave with him. When she refused, defendant pushed her face up against the wall and pointed a handgun at her head. Maria further testified Lorenzo was standing several feet away from her. After several minutes, defendant fired the weapon. The bullet grazed Maria's forehead and struck Lorenzo. Maria blacked out temporarily and when she regained consciousness, she discovered Lorenzo lying on the floor and that everyone else had left. After washing blood away from the injury to her forehead, she ran to a neighbor's house to call for help.

During the police investigation, Maria related three other versions of the incident. First, as she emerged from the restroom, defendant and Lorenzo were fighting. When she told them to stop, defendant pulled a handgun and pushed Maria to the wall. She knocked the weapon which fired and struck Lorenzo. Second, as Maria and defendant were fighting, Lorenzo intervened and was shot by defendant. Third, as defendant grabbed Maria, others grabbed him and the weapon accidentally discharged. During the investigation, Maria also offered two versions of how she arrived at the party. At trial, she could not remember how she arrived. Maria was admittedly drunk at the party, having patronized two bars before arriving. She was also understandably upset while talking with police and had difficulty communicating in English.

Lorenzo also testified but only with respect to the positions of the individuals involved in the incident. The prosecution felt Lorenzo, although recovering remarkably, was not competent to testify as to details or to identify defendant. The prosecution did not introduce a handgun or other physical evidence to connect defendant to the shooting.

■ A jury convicted defendant of both counts as charged. Defendant's motion to arrest judgment, pursuant to Utah Code Ann. § 77–35–23 (1982), was denied. The trial court sentenced defendant to a term in the Utah State Prison of zero to five years. On appeal, defendant challenges the sufficiency of the evidence in support of his convictions.

The Utah Supreme Court has established our standard of review for jury convictions:

In reviewing the conviction, we do not substitute our judgment for that of the jury. "It is the exclusive function of the jury to weigh the evidence and to determine the credibility of the witnesses...." So long as there is some evidence, including reasonable inferences, from which findings of all the requisite elements of the crime can reasonably be made, our inquiry stops.

*State v. Booker*, 709 P.2d 342, 345 (Utah 1985) (quoting *State v. Lamm*, 606 P.2d 229, 231 (Utah 1980)). After reviewing all the evidence and reasonable inferences drawn therefrom in the light most favorable to the verdict, this Court will reverse for insufficient evidence "only when the evidence, so viewed, is sufficiently inconclusive or inherently improbable that reasonable minds must have entertained a reasonable doubt that the defendant committed the crime of which he was convicted." *State v. Petree*, 659 P.2d 443, 444 (Utah 1983).

Count one of the information provides: AGGRAVATED ASSAULT, a Third Degree Felony, at 332 Herbert, in Salt Lake County, State of Utah, on or about February 7, 1986, in violation of Title 76, Chapter 5, Section 103, Utah Code Annotated 1953, as amended, in that the defendant, PEDRO PENA GARCIA, a party to the offense, assaulted Maria Villagerana, by threatening to do bodily injury to Maria Villagerana accompanied by a show of immediate force or violence by the use of a deadly weapon, to-wit: a gun.

We agree with defendant that there were inconsistencies in Maria's testimony. However, consistent throughout Maria's testimony are the elements of aggravated assault: defendant, by a show of immediate force and using a handgun, threatened to do bodily injury to Maria. We therefore find there was sufficient evidence reasonably to support the jury conviction on count one.

■ Defendant also challenges the sufficiency of the evidence for count two of the information. Our review of that claim reveals a facial defect in the information. Count two charges defendant with:

AGGRAVATED ASSAULT, a Third Degree Felony, at 332 Herbert, in Salt Lake County, State of Utah, on or about February 7, 1986, in violation of Title 76, Chapter 5, Section 103, Utah Code Annotated 1953, as amended, in that the defendant, PEDRO PENA GARCIA, a party to the offense, *assaulted Maria Villagerana, by threatening to do bodily*

*injury to Lorenzo Bejarano* accompanied by a show of immediate force or violence by the use of a deadly weapon, to-wit: a gun.

(Emphasis added.) Utah Code Ann. § 76–5–103(1) (1978) provides:

A person commits aggravated assault if he commits assault as defined in section 76–5–102 and:

(a) He intentionally causes serious bodily injury to another; or

(b) He uses a deadly weapon or such means or force likely to produce death or serious bodily injury.

Utah Code Ann. § 76–5–102 (1978) defines assault as:

(a) An attempt, with unlawful force or violence, to do bodily injury to another; or

(b) A threat, accompanied by a show of immediate force or violence, to do bodily injury to another.

Count two charges defendant with an aggravated assault of Maria by threatening to do bodily injury *to Lorenzo,* accompanied by a show of immediate force using a handgun. The "another" referred to in sections 76–5–102 and 103 is the victim of the assault, not any other person. *State in the Interest of Besendorfer,* 568 P.2d 742, 744 (Utah 1977). Therefore, count two fails to state an offense. Where a conviction rests on an information which fails to allege an offense, reversal is proper. *People v. Pujoue,* 23 Ill.App.3d 810, 320 N.E.2d 78 (1974).

Defendant's conviction on count one of the information is affirmed. Defendant's conviction on count two is reversed. As defendant was sentenced to a single term of zero to five years in the Utah State Prison, the sentence is affirmed.

GREENWOOD and GARFF, JJ., concur.