STATE of Utah, Plaintiff and Appellee,

v.

Ronald Dean LANCASTER,
Defendant and Appellant.

No. 870154.

Supreme Court of Utah.

Nov. 4, 1988.

Rehearing Denied Nov. 29, 1988.

Ronald Dean Lancaster, Draper, pro se.

David L. Wilkinson, Sandra L. Sjogren, Salt Lake City, for plaintiff and appellee.

HOWE, Associate Chief Justice:

Defendant appeals from a conviction and sentence for aggravated assault by a prisoner, in violation of Utah Code Ann. § 76–5–103.5(2)(a) (1978).

On April 17, 1986, defendant, while serving a sentence of five years to life in the Utah state prison, attacked a guard with a homemade knife. He inflicted one wound in the guard's arm which required eight stitches and another in the guard's leg.

An information was filed charging defendant with "aggravated assault by a prisoner." It erroneously charged him with violating Utah Code Ann. § 76–5–103.5(2)(b) (a capital felony if serious bodily injury was intentionally caused). He brought this error to the attention of the trial court by a pretrial motion to dismiss. The court amended the information by interlineation to read "aggravated assault by a prisoner," in violation of Utah Code Ann. § 76–5–103.5(2)(a) (a felony of the first degree if no serious bodily injury was caused). Defendant's motion to dismiss was denied. At a trial before the judge, sitting without a jury, defendant was found guilty.

Defendant appeals, contending that the trial court erred in interlineating an information which "failed to state a proper public offense." He also asserts that the trial court violated prohibitions against double jeopardy contained in the United States Constitution and the Utah Constitution and Code by allowing into evidence his 1978 conviction for second degree murder in order to show that he was in fact a "prisoner" at the time of the assault. Finally, he complains that the trial judge denied his

right to a fair trial by permitting the "perjured testimony" of the victim.

As provided in Utah Code Ann. § 77–35–4(d) (1982) and rule 4(d) of the Utah Rules of Criminal Procedure, "The court may permit an indictment or information to be amended at any time before verdict if no additional or different offense is charged and the substantial rights of the defendant are not prejudiced." Defendant contends that the original information failed because it did not allege the essential element of criminal intent necessary for conviction under Utah Code Ann. § 76–5–103.5(2)(b) (the capital felony provision requiring intent). He claims he was therefore "misled while preparing his defense, and not protected against later prosecution for the same offense." *United States v. Hayes,* 775 F.2d 1279, 1282 (4th Cir.1985); *see also Russell v. United States,* 369 U.S. 749, 763–64, 82 S.Ct. 1038, 1046–47, 8 L.Ed.2d 240 (1962). He asserts that his substantial rights were affected because the amendment changed the nature of the crime, charged a different offense of which he had no notice, and hampered his defense. We disagree.

■ The charge before and after the amendment was aggravated assault by a prisoner. Only the statutory reference was changed. The text of the information was not altered. We have previously upheld a judge's amendment of a criminal complaint when the change affected only the statutory reference and the language of the complaint apprised the defendant of the nature of the charge against him. *State v. Colston,* 16 Utah 2d 89, 91, 396 P.2d 405, 406–07 (1964). No prejudice to defendant in his preparation for the trial is evidenced in the trial record. The amendment actually reduced the severity of the charge.

■ Next, it was permissible for the State to introduce evidence of defendant's prior conviction to prove an element of the offense for which he was on trial. We agree with the State that this case is analogous to the habitual criminal statute, Utah Code Ann. § 76–8–1001 to –1002 (1978), which allows evidence of a prior conviction to be admitted and which we found constitutional in *State v. Carter,* 578 P.2d 1275, 1277 (Utah 1978). Defendant was not retried for his prior offense and cannot claim to have been reconvicted or additionally punished for his prior offense. *See State v. Dyer,* 671 P.2d 142 (Utah 1983); *see also State v. Franklin,* 735 P.2d 34, 35 (Utah 1987).

■ Finally, defendant contends that the trial judge erred in believing the "perjured testimony" of the victim. The trial judge advised defendant, who appeared pro se, that he had the opportunity to cross-examine the witness and point out the inconsistencies in his testimony and thereby impeach his credibility. As we have previously emphasized, "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." *State v. Walker,* 743 P.2d 191, 192 (Utah 1987); Utah R.Civ.P. 52(a) (applicable to criminal cases by virtue of Utah Code Ann. § 77–35–26(7) (1982, Supp.1988)).

No extrinsic evidence was presented to show that the witness perjured himself. Furthermore, two witnesses corroborated the testimony of the victim that the assault occurred. There was no error, and we affirm defendant's conviction.

HALL, C.J., and STEWART, DURHAM and ZIMMERMAN, JJ., concur.