930 F.2d 34
 Unpublished Disposition
NOTICE: Tenth Circuit Rule 36.3 states that unpublished opinions and orders and judgments have no precedential value and shall not be cited except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel.
Ronald Dean LANCASTER, Petitioner-Appellant,
v.
Gerald COOK, Warden, Utah State Prison, Respondent-Appellee.
 No. 90-4113.
 United States Court of Appeals, Tenth Circuit.
 Feb. 20, 1991.
 
 Before STEPHEN H. ANDERSON, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Lancaster, an inmate in the state prison, appeals pro se the denial of his pro se petition for habeas corpus relief.
 
 
 3
 Mr. Lancaster, while serving a sentence of five years to life in the Utah State Prison, attacked and injured a guard with a homemade knife. He was convicted, under Utah law, of aggravated assault by a prisoner. It is this conviction that Mr. Lancaster now challenges in his petition for habeas corpus, which he filed pursuant to 28 U.S.C. Sec. 2254.
 
 
 4
 Mr. Lancaster appealed his conviction to the Utah Supreme Court, which affirmed the conviction in a unanimous opinion. State v. Lancaster, 765 P.2d 872 (1988).
 
 
 5
 Mr. Lancaster raised six issues in his habeas petition: (1) pretrial amendment of the indictment failed to give him proper notice and thus deprived him of due notice; (2) evidence presented at trial was insufficient to sustain his conviction; (3) his double jeopardy protection was violated; (4) his conviction was obtained with the use of perjured testimony; (5) prosecutorial misconduct; and (6) the statute under which he was convicted was unconstitutional in that it was overbroad. The district court, after referring the issues to a magistrate for a report and recommendation, decided all issues adversely to Mr. Lancaster.
 
 
 6
 On appeal to this court, Mr. Lancaster raises nine issues: (1) denial of a full and fair hearing, both in the Utah Supreme Court and the United States District Court; (2) defective information; (3) improper amendment of the information; (4) judicial bias in the state district court; (5) prosecutorial misconduct in using perjured testimony; (6) prosecutorial misconduct for withholding exculpatory evidence; (7) insufficient evidence to sustain the conviction; (8) the constitutionality of the Utah statute; and (9) he was denied the right to confront a medical witness.
 
 
 7
 Considering Mr. Lancaster's first claim, that the district court denied him a full and fair hearing, an evidentiary hearing is not necessary if the questions presented can be answered from the record before the district court. In the case before us, the record amply supports the decision of the district court. Considering the charge that the Utah Supreme Court denied Mr. Lancaster a full and fair hearing, this was neither raised before nor decided by the district court. Therefore, we will not decide this issue on appeal. United States v. Mitchell, 783 F.2d 971, 975 (10th Cir.), cert. denied, 479 U.S. 860 (1986). We note that Mr. Lancaster claims that the issues he raised before the Utah Supreme Court were "distorted, misrepresented and therefore never fully and fairly raised" and all of his claims were not addressed. Had Mr. Lancaster properly raised this issue, his claim would have been denied as he failed to show any specific facts as to how his claims were distorted and misrepresented and which of his claims were not addressed.
 
 
 8
 We have considered each of Mr. Lancaster's remaining arguments and have considered the law he has cited. We remain unpersuaded and in substantial agreement with the district court.
 
 
 9
 The certificate of probable cause is granted.
 
 
 10
 We AFFIRM the judgment of the district court for substantially the same reasons set forth in the magistrate's reports dated December 28, 1989 and June 28, 1990, and the orders of the district court dated March 19, 1990 and July 18, 1990, copies of all of which are attached hereto.
 
 
 11
 The mandate shall issue forthwith.
 
 ATTACHMENT
 
 12
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
 
 CENTRAL DIVISION
 
 13
 RONALD DEAN LANCASTER, Petitioner,
 
 
 14
 vs.
 
 
 15
 GERALD COOK, Warden, Utah State Prison, Respondent.
 
 
 16
 march 19, 1990.
 
 
 17
 Case No. 89-C-35A.
 
 ORDER
 
 18
 The petitioner, Ronald Dean Lancaster, an inmate at the Utah State Prison, filed a petition for Writ of Habeas Corpus under 28 U.S.C. Sec. 2254. He challenges his conviction of Aggravated Assault by a Prisoner in the Utah state courts. The Utah Supreme Court unanimously affirmed his conviction. State v. Lancaster, 765 P.2d 872 (1988). The court referred the case to the United States Magistrate pursuant to 28 U.S.C. Sec. 636(b)(1)(B). The respondent moved to dismiss the petition claiming that the petitioner was not entitled to the relief he demanded. The court received the Magistrate's Report and Recommendation on December 28, 1989, and the petitioner timely filed objections to the Magistrate's Report and Recommendation.
 
 
 19
 The petitioner raises six objections to the Magistrate's recommendation that the case be dismissed. First, petitioner argues that the Magistrate failed to address whether the statute under which the petitioner was convicted, Utah Code Ann. Sec. 76-5-103.5(2), is unconstitutionally vague and overbroad. Second, the petitioner claims that the information did not specifically charge him with an offense. Third, in a related argument, petitioner claims that he was convicted on a defective information. Petitioner was originally charged with a capital felony under section 76-5-103.5(2)(b) which requires serious bodily injury to the victim, but the state court judge amended the information to charge a first degree felony under section 76-5-103.5(2)(a), which does not require serious bodily injury as an element. Fourth, petitioner alleges that the evidence introduced at trial was insufficient to sustain the conviction. Finally, in his fifth and sixth objections petitioner claims prosecutorial misconduct in that the prosecutor knowingly used perjured testimony to convict the petitioner.
 
 
 20
 As to the first claim, that the statute under which the petitioner was convicted is unconstitutionally vague and overbroad, the court finds that neither the respondent Motion to Dismiss or the Magistrate's Report and Recommendation squarely addressed these issues. Therefore, the petition, in so far as it raises these issues, should not be dismissed.
 
 
 21
 As to the remaining infirmities petitioner alleges, however, the court is persuaded that the Magistrate adequately addressed each of these grounds. Moreover, the court has carefully reviewed the file, the state court transcripts, and the Utah Supreme Court's decision affirming the petitioner's conviction where many of the arguments petitioner raises here were also raised, argued, and rejected. In addition, the court has examined the case law cited by the Magistrate and by the respondent in his Memorandum. In all instances, the court finds, in accordance with the Magistrate, that the petitioner has not adequately stated any valid constitutional infirmity. Therefore, the court hereby adopts as its own the findings contained in the Magistrate's Report and Recommendation.
 
 
 22
 The petition is ordered dismissed in all respects except for the claim that Utah Code Ann. Sec. 76-5-103(2)(b) is unconstitutionally vague and overbroad. Consistent with the general order of reference the court previously signed on January 18, 1989, the is hereby referred back to the Magistrate.
 
 
 23
 IT IS SO ORDERED.
 
 BY THE COURT:
 
 24
 /s/Aldon J. Anderson
 
 United States Senior Judge
 
 25
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
 
 CENTRAL DIVISION
 
 26
 RONALD DEAN LANCASTER, Petitioner,
 
 
 27
 vs.
 
 
 28
 GERALD COOK, Warden, Utah State Prison, Respondent.
 
 
 29
 Case No. 89-C-3 A.
 
 
 30
 July 18, 1990.
 
 ORDER
 I. BACKGROUND
 
 31
 The petitioner, Ronald Dean Lancaster, an inmate at the Utah State Prison, filed a petition for Writ of Habeas Corpus under 28 U.S.C. Sec. 2254. He challenges his conviction in the Utah state courts of Aggravated Assault by a Prisoner, in violation of Utah Code Ann. Sec. 76-5-103.5(2)(a). The Utah Supreme Court unanimously affirmed his conviction. State v. Lancaster, 765 P.2d 872 (1988). The court referred the case to the United States Magistrate pursuant to 28 U.S.C. Sec. 636(b)(1)(B). The magistrate submitted a report and recommendation on December 28, 1989, and the petitioner timely filed objections to the report and recommendation. The court adopted as its own, the findings contained in the magistrate's report and recommendation and ordered the petition dismissed in all respects except for the claim that Utah Code Ann. Sec. 76-5-103.5 is unconstitutionally vague and overbroad. The court found that neither the respondent's Motion to Dismiss nor the magistrate's report and recommendation addressed petitioner's claim that the statute is unconstitutionally vague and overbroad. The court again referred the matter to the magistrate under 28 U.S.C. Sec. 636(b)(1)(B) for additional consideration of this claim. The magistrate submitted his report and recommendation pursuant to this second reference on June 23, 1990. The magistrate recommended that petitioner's claim of unconstitutionality be dismissed and that respondent's motion to dismiss the petition for Writ of Habeas Corpus be granted. Subsequently, petitioner filed an objection to the magistrate's report and recommendation.
 
 
 32
 Before the court are petitioner's claim that Utah Code Ann. Sec. 76-5-103.5 is unconstitutionally vague and overbroad, and respondent's motion to dismiss the petition for Writ of Habeas Corpus. Having thoroughly reviewed this matter, the court is now prepared to rule.
 
 II. DISCUSSION
 
 33
 Mr. Lancaster claims that Utah Code Ann. Sec. 76-5-103.5 is unconstitutionally vague and overbroad. The court will discuss the issues of vagueness and overbreadth separately 548, 579 (1973). Although the Utah Supreme Court has never specifically interpreted Utah's aggravated assault by a prisoner statute, its elements are obvious. It is merely aggravated assault with the additional element that the defendant be a prisoner. The Utah Supreme court has defined the statutory element of aggravated assault, Utah Code Ann. Sec. 76-5-103 as being:
 
 1. Commission of assault:
 
 34
 2. Intentionally causing serious bodily injury to another; or
 
 
 35
 3. Using a deadly weapon or such means or force likely to produce death or serious bodily injury.
 
 
 36
 State v. Elliott, 641 P.2d 122, 124 (1982). The Utah Supreme Court has also defined assault as:
 
 1. An attempt
 
 37
 2. With unlawful force and violence;
 
 
 38
 3. To do bodily injury to another.
 
 
 39
 Id. It is clear that the petitioner was properly charged under Utah Code Ann. Sec. 76-5-103.5, in that he committed aggravated assault while a prisoner. Furthermore, the court is persuaded that an ordinary person exercising ordinary common sense can understand and comply with the statute. The court is convinced that the report and recommendation has adequately addressed the "vagueness" issue and that it is accurate in all essential respects. Therefore, the court hereby adopts as its own the findings contained in the magistrate's report and recommendation regarding petitioner's claim of statutory vagueness.
 
 B. Overbreadth
 
 40
 Petitioner further claims that the Utah aggravated assault by a prisoner statute, Utah Code Ann. section 76-5-103.5 is unconstitutionally overbroad in that it "allows the state prosecutor to arbitrarily select the subsection under which to prosecute any given first or second degree state prisoner." Notice of Petitioner's Objection to Magistrate Boyce's June 28, 1990 Report And Recommendation to Dismiss at 8-9. After reviewing Utah Code Ann. section 76-5-103.5, the relevant case law concerning this issue, and the analysis of both the magistrate in his report and recommendation and of petitioner in his memorandum, the court is convinced that the statute is not overbroad. The magistrate's report and recommendation properly characterizes petitioner's claim not as an issue of overbreadth, but as an issue of prosecutorial discretion. Such an exercise of prosecutorial discretion is not unconstitutional. The court is convinced that the report and recommendation has adequately addressed this issue and that it is accurate in all essential respects. Therefore, the court hereby adopts as its own the findings contained in the Magistrate's Report and Recommendation concerning petitioner's claim of statutory overbreadth.
 
 III. CONCLUSION
 
 41
 The court finds that the Magistrate's Report and Recommendation is accurate in all essential respects, and thus adopts as its own the findings contained in the report and recommendation. Therefore, petitioner's claim of unconstitutionality is dismissed and respondent's motion to dismiss the petition for Writ of Habeas Corpus is granted.
 
 
 42
 IT IS SO ORDERED.
 
 BY THE COURT:
 
 43
 /s/Aldon J. Anderson
 
 United States Senior Judge
 
 44
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
 
 CENTRAL DIVISION
 
 45
 RONALD DEAN LANCASTER, Petitioner,
 
 
 46
 vs.
 
 
 47
 GERALD COOK, Warden, Utah State Prison, Respondent.
 
 
 48
 Case No. 89-C-35 A.
 
 
 49
 Dec. 28, 1989.
 
 REPORT AND RECOMMENDATION
 
 50
 Petitioner, Ronald Lancaster, an inmate of the Utah State Prison, filed a petition for Writ of Habeas Corpus under 28 U.S.C. Sec. 2254. The petitioner is challenging his conviction of Aggravated Assault by a Prisoner in the Utah state courts. The conviction was unanimously affirmed by the Utah Supreme Court. State v. Lancaster, 765 P.2d 872 (1988). The matter was referred to the magistrate under 28 U.S.C. Sec. 636(b)(1)(B). This report and recommendation is submitted to the District Court pursuant to the reference.
 
 
 51
 While serving a five-year to life sentence in the Utah State Prison for second degree murder, the petitioner attacked a guard with a homemade knife. The guard sustained a laceration to his arm (requiring eight stitches) and a minor injury to one leg. Initially the petitioner was mistakenly charged under Utah Code Ann. Sec. 76-5-103.5(2)(b), a capital felony, for assaults resulting in serious bodily injury. The charge was later amended by Judge Timothy R. Hanson in the Third District Court to a first degree felony under Utah Code Ann. Sec. 76-5-103.5(2)(a) which is properly applied where no serious bodily injury is incurred.
 
 
 52
 The petitioner raises five issues in his petition for Writ of Habeas Corpus. First, the petitioner claims that the pre-trial amendment of the indictment failed to give him proper notice of the charge against him, and violated his right to due process. The petitioner's claim is based on the allegation that the amendment of the indictment changed the offense to one which he was not prepared to meet.
 
 
 53
 With regard to amending the indictment, "an indictment is generally sufficient if it contains the elements of the offense charged, putting the defendant on fair notice of the charge against which he must defend, and if it enables the defendant to assert acquittal or conviction in order to avoid being placed twice in jeopardy for the same offense." Hamling v. United States, 418 U.S. 87 (1974); United States v. Staggs, 881 F.2d 1527 (10th Cir.1989). The change in the indictment from a capital felony to a first degree felony reflected only a reduction in the penalty, it did not change any substantive elements of the crime. The offense as amended was still based upon the exactly the same factual allegations which were contained in the information. The petitioner cannot be said to have been prejudiced and has shown none where the amendment to the indictment served only to correct a technical deficiency, and had no effect on what he would have to meet at trial. All of the essential elements were stated in the information. Russell v. United States, 369 U.S. 749 (1962). Applying the above principles to petitioner's case, the amendment to the indictment did not violate the petitioner's right to due process.[1]
 
 
 54
 Second, the petitioner claims that the evidence was not sufficient to support his aggravated assault conviction. Where a challenge is made to a state court conviction under 28 U.S.C. Sec. 2254 on grounds of insufficiency of evidence, an applicant is entitled to relief only if it is found that no rational trier of fact could have found guilty beyond a reasonable doubt based on the evidence presented at trial. Jackson v. Virginia, 443 U.S. 307 (1979).
 
 
 55
 In petitioner's case the evidence had to establish the elements of the offense as provided in Utah Code Ann. Sec. 76-5-103.5(2).[2] Under that provision, the evidence must establish that a prisoner, while serving a sentence for a first degree felony, committed aggravated assault as defined Utah Code Ann. Sec. 76-5-103.[3] The fact that the petitioner was a prisoner serving a sentence for second degree murder at the time of the offense was conclusively established and not disputed. The evidence presented by the prosecution to prove aggravated assault included testimony of the victim, testimony of three witness that corroborated the victim's testimony, numerous photographs of the victim's injuries, and a photograph of the weapon. Based on the evidence in the record, it cannot be said that no rational trier of fact could have found the petitioner guilty of the offense charged. This court may not consider the evidence de novo. Jackson v. Virginia, supra. Therefore, the petitioner's claim of insufficient evidence to support his conviction of Aggravated Assault by a Prisoner must fail.
 
 
 56
 Third, the petitioner claims that his right against double jeopardy was violated. The petitioner contends that the prosecution's introduction into evidence of his 1978 murder conviction placed him twice in jeopardy for the same offense.
 
 
 57
 This claim is based on a misapplication of the right against double jeopardy. The right against double jeopardy only precludes a person from being prosecuted twice for the same offense. See, Jones v. Thomas, --- U.S. ----, 109 S.Ct. 2522 (1989). The use of the petitioner's prior conviction was only used to prove a necessary element of the charge of Aggravated Assault by a Prisoner. Petitioner was not prosecuted twice or punished twice. Such use of prior convictions does not violate the right against double jeopardy. In United States v. Vigil, 818 F.2d 738 (10th Cir.1987) the use of prior felony convictions to prove illegal possession of a firearm by a convicted felon was held not to violate the right against double jeopardy. See also Duffel v. Dutton, 785 F.2d 131 (6th Cir.1986); Baker v. Duckworth, 752 F.2d 302 (7th Cir.1985). c.f. United States v. DeFrancisco, 449 U.S. 117, 139 (1980). Applying the above principles to the case at bar the petitioner's right against double jeopardy was not violated.
 
 
 58
 Fourth, the petitioner claims he was convicted by the use of perjured testimony given by the victim. This claim, however, is not supported by the record. The petitioner brought forth no extrinsic evidence to show the victim perjured himself. In addition, the victim's testimony was corroborated by other witnesses. See Fillmore v. Crisp, 480 F.Supp. 310 (D.C.W.D.Okla.1978).
 
 
 59
 Where a petitioner for habeas corpus fails to support a claim of perjury with extrinsic evidence, no constitutional error exists. See, Talamante v. Romero, 620 F.2d 784 (10th Cir.1980). Applying the above principle to the instant case, this claim must fail. Hawkins v. Lynaugh, 844 F.2d 1132 (5th Cir.1988).
 
 
 60
 Finally, the petitioner charges the respondent with prosecutorial misconduct. The petitioner claims that the prosecutor intentionally withheld the medical report filled out by the physician who treated the victim's wounds. The trial record indicates, however, that the medical report was used at trial by the petitioner in an attempt to impeach the victim's testimony. The medical report was not used for any other purpose by either side. Therefore, there is no merit to petitioner's claim of any withholding of evidence from the petitioner. United States v. George, 778 F.2d 556 (10th Cir.1985); United States v. Aigevobolle, 827 F.2d 664 (10th Cir.1987).
 
 
 61
 Before a federal court may grant habeas corpus relief to a petitioner for alleged prosecutorial misconduct, it must be shown that such misconduct resulted in the denial of a fair trial. See, Darden v. Wainwright, 477 U.S. 168 (1986). In view of the fact that the petitioner was able to utilize the medical report for its intended purpose, ie. impeachment of the victim's testimony, the alleged misconduct of the prosecutor was not of such magnitude as to amount to the denial of a fair trial. Therefore, this claim must also fail.
 
 
 62
 For the foregoing reasons it is recommended that respondent's motion to dismiss the petition for Writ of Habeas Corpus be granted. IT IS SO RECOMMENDED.
 
 
 63
 Copies of the foregoing report and recommendation are being mailed to the parties. They are hereby notified of their right to file objections hereto within 10 days from the receipt hereof.
 
 
 64
 /s/Ronald N. Boyce
 
 United States Magistrate
 
 65
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
 
 CENTRAL DIVISION
 
 66
 RONALD DEAN LANCASTER, Petitioner,
 
 
 67
 vs.
 
 
 68
 GERALD COOK, Warden, Respondent.
 
 
 69
 Case No. 89-C-0035 A.
 
 
 70
 June 23, 1990.
 
 REPORT & RECOMMENDATION
 
 71
 Petitioner, Ronald Dean Lancaster, an inmate at the Utah State Prison, filed a petition for Writ of Habeas Corpus under 28 U.S.C. Sec. 2254. The petitioner is challenging his conviction in Utah State courts, of Aggravated Assault by a Prisoner. The matter was referred to the magistrate under 28 U.S.C. Sec. 636(b)(1)(B). A report and recommendation was submitted to the District Court pursuant to reference of December 28, 1989. The District Court adopted as its own, the findings contained in the magistrate's Report & Recommendation and ordered the petition dismissed in all respects except for the claim that Utah Code Ann. Sec. 76-5-103.5 (1973) is unconstitutionally vague and overbroad. The matter was again referred to the magistrate under 28 U.S.C. Sec. 636(b)(1)(B) for additional consideration of this claim. This report and recommendation is submitted to the District Court pursuant to this reference.
 
 
 72
 The facts show petitioner attacked a guard with a homemade knife while serving a five-year to life sentence in the Utah State Prison for second degree murder. The guard suffered minor injury to his leg and more severe injury to his arm requiring eight stitches. Petitioner was charged under Utah Code Ann. Sec. 76-5-103.5(d)(a), a first degree felony.
 
 A. Vagueness
 
 73
 The Utah aggravated assault by a prisoner statute, Utah Code Ann. Sec. 76-5-103.5 (1973), reads:
 
 
 74
 1. Any prisoner, not serving a sentence for a felony of the first degree, who commits aggravated assault is guilty of a felony of the second degree.
 
 
 75
 2. Any prisoner serving a sentence for a felony of the first degree who commits aggravated assault is guilty of:
 
 
 76
 a. A felony of the first degree if no serious bodily injury was caused; or
 
 
 77
 b. A capital felony if serious bodily injury was intentionally caused.
 
 
 78
 It has never been specifically interpreted by the Utah Supreme Court. However, the Utah courts have, upon numerous occasions, interpreted the Utah aggravated assault statute, Utah Code Ann. Sec. 76-5-103. The aggravated assault by a prisoner statute is merely aggravated assault with the additional element that the defendant be a prisoner.
 
 
 79
 The Utah Supreme Court in State v. Elliot, 641 P.2d 122 (Utah 1982), has defined the statutory elements of the offense of aggravated assault, Utah Code Ann. Sec. 76-5-103 (1987) as being:
 
 
 80
 1. Commission of assault;
 
 
 81
 2. Intentionally causing serious bodily injury to another; or
 
 
 82
 3. Using a deadly weapon or such means or force likely to produce death or serious bodily injury.
 
 
 83
 In State v. Garcia, 744 P.2d 1029, (Utah App.1987), the court made very clear in its decision that a person commits aggravated assault if he commits assault, as defined by Utah Code Ann. Sec. 76-5-102 (1978) and:
 
 
 84
 (a) He intentionally causes serious bodily injury to another:
 
 
 85
 (b) He uses a deadly weapon or such means or force likely to produce death or serious bodily injury.
 
 
 86
 Utah Code Ann. Sec. 76-5-102 (1978) defines assault as:
 
 
 87
 (a) An attempt, with unlawful force or violence, to do bodily injury to another; or
 
 
 88
 (b) A threat, accompanied by a show of immediate force or violence, to do bodily injury to another.
 
 
 89
 See also, State v. Velarde, 734 P.2d 440 (Utah 1986) (assault becomes aggravated when the actor intentionally causes serious bodily injury to another or, alternatively, when the actor uses a deadly weapon or such means or force likely to produce death or serious bodily injury); State v. Oldroyd, 685 P.2d 551, (Utah 1984) (in order to commit that crime [aggravated assault], an individual must use a deadly weapon while committing simple assault ...; State v. Bradley, 752 P.2d 874 (Utah 1985) (aggravated assault statute interdicts the use of "a deadly weapon or such means or force likely to produce death or serious bodily harm").
 
 
 90
 The other terminology of the aggravated assault statute has also been interpreted by the Utah courts. See, e.g., State v. Velarde, 734 P.2d 449 (Utah 1986) (using a means or force likely to produce death or serious bodily injury is the equivalent of committing an act clearly dangerous to human life); and State v. Garcia, 744 P.2d 1029 (Utah App.1987) (the "another" referred to in sections 76-5-102 and -103 is the victim of the assault, not any other person).
 
 
 91
 Petitioner claims that Utah Code Ann. Sec. 76-5-103.5 is unconstitutionally vague and overbroad. Statutory provisions are not void for vagueness if they unambiguously specify the activity prescribed. United States v. Batchelder, 442 U.S. 114, 115 (1979); Babbit v. United Farm Workers National Union, 442 U.S. 289 (1979); Washington v. Confederated Bands and Tribes of Yakima Indian Nation, 434 U.S. 463 (1979); Smith v. Goquen, 415 U.S. 566 (1974). If a criminal statute gives a person of ordinary intelligence fair notice that his contemplated conduct is forbidden, then the statute is not void for vagueness. United States v. Harris, 347 U.S. 612, 617 (1954); Conally v. General Construction Co., 269 U.S. 385, 391-393 (1926); Papachristou v. Jacksonville, 405 U.S. 156, 162 (1972). The 10th Circuit evaluates the constitutional validity of a statute challenged as vague by ascertaining whether "the ordinary person exercising ordinary common sense" can understand and comply with the standard. United States v. Hines, 696 F.2d 722, 727 (10th Cir.1982); United States v. Homa, 608 F.2d 407 (10th Cir.1979).
 
 
 92
 The provisions of the aggravated assault by a prisoner statute unambiguously specify the activity prescribed. An ordinary intelligent individual is able to determine that the conduct of assaulting a prison guard with a knife is the conduct prohibited in Utah Code Ann. Sec. 76-5-103.5. The interpretations of the Utah Supreme Court give additional clarity and are properly considered in determining whether the statute is vague. United States v. Broncheau. 597 F.2d 1260 (9th Cir.1979); Gray v. Lucas, 677 F.2d 1086 (5th Cir.1982). The notice requirements of the Due Process Clause are satisfied, therefore the statute at issue is not void for vagueness.
 
 
 93
 Petitioner also claims that this statute is "broad" in that it selectively allows the state to prosecute a defendant on either a capital first felony or a non-capital first degree felony. However, this is not an overbreadth issue but one of prosecutorial discretion.[1] Opportunities for discretionary action are inherent in the prosecution of criminal cases. Gregg v. Georgia, 428 U.S. 153, (1976). The United States Supreme Court has long recognized that when an act violates more than one criminal statute, the government may prosecute under either as long as it does not discriminate against any class of defendants. United States v. Batchelder, supra, (citing United States v. Beacon Brass Co., 344 U.S. 43, 45-46 (1952); Rosenberg v. United States, 346 U.S. 273, 294 (1953); et al.). Whether to prosecute and what charges to file or bring before a court are decisions that rest in the prosecutor's discretion and do not make a prosecution unbridled and overbroad. The petitioner argues that the prosecution is relying on a vague statute which allows for arbitrary and capricious application. This is untrue since the Utah legislature has clearly defined the provisions of Utah Code Ann. Sec. 76-5-103, and that statute has been given interpretive meaning by the Utah courts. The United States Supreme Court has held that difficulties with vagueness of a statutory provision can be alleviated and overcome by judicial narrowing of the clause in issue. See Boos v. Barry, 485 U.S. 312 (1987); Posadas de Puerto Rico Asso. v. Tourism Co. of Puerto Rico, 478 U.S. 328 (1986). The legislature has defined the crime, not the prosecutor. The prosecutor's discretion has been channeled by the legislature, and imposition of the charge under this statute is circumscribed by the legislative language. Therefore, the construction of Utah Code Ann. Sec. 76-5-103.5 (1973) is not vague and does not allow the prosecutor to arbitrarily select the subsection under which to prosecute any given defendant.
 
 
 94
 For the foregoing reasons it is recommended that petitioner's claim of unconstitutionality be dismissed and that respondent's motion to dismiss the petition for Writ of Habeas Corpus be granted in its entirety.
 
 
 95
 Copies of the foregoing report and recommendation are being mailed to the parties. They are hereby notified of their right to file objections hereto within ten days from the receipt hereof.
 
 
 96
 /s/Ronald N. Boyce
 
 United States Magistrate
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Petitioner cites two cases which involve a variance from the indictment returned by a grand jury. Stirone v. United States, 361 U.S. 212 (1960). These are not relevant to this case since petitioner was not entitled to grand jury indictment. Hurtado v. California, 110 U.S. 516 (1984); Lemwoon v. Oregon, 229 U.S. 586 (1913) (no federal constitutional right to a preliminary hearing)
 
 
 [2]
 Utah Code Ann. Sec. 76-5-103.5(2) provides in pertinent part:
 (2) Any prisoner serving a sentence for a felony of the first degree who commits aggravated assault is guilty of:
 (a) a felony of the first degree if no serious bodily injury was caused; ...
 
 
 [3]
 Utah Code Ann. Sec. 76-5-103 provides in pertinent part:
 (1) A person commits aggravated assault if he commits assault as defined in section 76-5-102 and:
 * * *
 (b) He uses a deadly weapon or such means or force likely to produce death or serious bodily injury.
 * * *
 An assault is defined in Sec. 76-5-102(1)(a) as "an attempt, with unlawful force or violence, to do bodily injury to another; ..."
 
 
 [1]
 Overbreadth issues under federal constitutional standards have been limited to the first amendment issues by the United States Supreme Court. "And outside the limited First Amendment context, a criminal statute may not be attached as overbroad. See New York v. Ferber, 458 U.S. 747, 102 S.Ct. 3348, 73 L.Ed. 1113 (1982)". Schall v. Martin, 467 U.S. 253, 268 n. 18 (1984). See Thornhill v. Alabama, 310 U.S. 88, (1940); H.L. v. Matheson, 450 U.S. 398 (1981); Massachusetts v. Oakes, 109 S.Ct. 2633, 37-38 (O'Connor J.) (1989); Monoghan, Overbreadth, 1981 S.Ct. Rev. 1, 3