**Billie Austin BRYANT, Plaintiff–Appellant,**

v.

**STATE OF MARYLAND, Defendant–Appellee.**

No. 86–7695.

United States Court of Appeals, Fourth Circuit.

Argued March 11, 1988.

Decided June 8, 1988.

---

June M. Perrone (Nancy L. Cook, American University Washington College of Law, Appellate Advocacy Law Clinic, Washington, D.C., on brief), for plaintiff-appellant.

Jillyn K. Schulze, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., Baltimore, Md., on brief), for defendant-appellee.

Before WINTER, Chief Judge, and MURNAGHAN and WILKINSON, Circuit Judges.

MURNAGHAN, Circuit Judge:

Billie Austin Bryant has sought relief by way of a petition for a writ of *habeas corpus.* The district court dismissed the petition as frivolous under 28 U.S.C. § 1915(d).

 Bryant's petition states four grounds for relief. One alleges an infirmity in his state court conviction for bank robbery. Another alleges an improper denial of a parole hearing. Two others allege infirmities in Bryant's state postconviction proceedings. As to the last two, the State of Maryland advances, in support of the district judge's decision, a rule that claims

of error occurring in a state post-conviction proceeding cannot serve as a basis for federal *habeas corpus* relief. *See Kirby v. Dutton,* 794 F.2d 245, 247–48 (6th Cir. 1986); *Vail v. Procunier,* 747 F.2d 277 (5th Cir.1984); *Mitchell v. Wyrick,* 727 F.2d 773, 744 (8th Cir.1984), *cert. denied,* 469 U.S. 823, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984); *Williams v. Missouri,* 640 F.2d 140, 143 (8th Cir.1981), *cert. denied,* 451 U.S. 990, 101 S.Ct. 2328, 68 L.Ed.2d 849 (1981); *Cornell v. Maryland,* 396 F.Supp. 1092, 1094 n. 3 (D.Md.1975); *Stokley v. Maryland,* 301 F.Supp. 653, 657 (D.Md.1969).

It appears that *Dickerson v. Walsh,* 750 F.2d 150 (1st Cir.1984), may hold to the contrary. Whether that case is actually distinguishable here need not detain us, for, even if it is not, we prefer to follow the Fifth, Sixth, and Eighth Circuits, as well as the United States District Court for the District of Maryland.

 Bryant's penultimate claim is for a due process violation flowing from the amendment of his indictment immediately before trial. The district court properly dismissed that claim as frivolous. Bryant's last claim is that he was wrongly denied a parole hearing or a response to his letter to the Attorney General of Maryland requesting a parole hearing. The district court held that, since the Maryland parole statute does not create a legitimate expectation of parole release, Bryant had no right protected by the due process clause. That ruling is correct.

It also appears that Bryant is presently serving a sentence elsewhere, so that, at the very most, the attempt to raise the points here by post-conviction proceeding is premature.

AFFIRMED.