869 F.2d 595
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David WILKINS, Plaintiff-Appellant,
v.
Ava I. GIFT, Records Department, MCTC; Richard Williams,
MCTC, Counselor; Bishop Robinson, Secretary, Department of
Public Safety and Correctional Services; Arnold J. Hopkins,
Commissioner, Division of Correction; Elmanus Herndon,
Deputy Commissioner, Division of Correction, Defendants-Appellees,
Circuit Court for Baltimore City; W.L. Middkhanff, Officer,
MCTC, Defendants.
David WILKINS, Petitioner-Appellant,
v.
Ralph W. PACKARD, Warden, Defendant-Appellee.
 Nos. 88-6628, 88-6629.
 United States Court of Appeals, Fourth Circuit.
 Argued: Jan. 12, 1989.
Decided: Feb. 16, 1989.
 
 Peter Stephen Saucier (Venable, Baetjer and Howard, on brief), for appellant.
 Glenn William Bell, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, on brief), for appellees.
 Before WIDENER and SPROUSE, Circuit Judges, and J. FREDERICK MOTZ, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 This action was instituted by David Wilkins against various officials of the Maryland prison system.
 
 
 2
 Wilkins escaped from the Maryland House of Corrections ("MHC") on August 28, 1976. On February 1, 1977, he was arrested on charges of breaking and entering, and on June 17, 1977, after his conviction on that charge, he was sentenced to a six year sentence concurrent to the sentence which he was serving at MHC. He was then returned to MHC where he was convicted on a notice of infraction for the escape. The Circuit Court for Anne Arundel County subsequently reversed that conviction on technical grounds and ordered that reference to it in MHC's records be expunged.
 
 
 3
 The gravamen of Wilkins' claim in the present case is that MHC officials considered his 1976-77 escape in denying him transfers to less secure institutions. For the reasons stated by the District Court, we find this claim to be utterly without merit. Assuming that Wilkins has alleged a denial of a constitutionally cognizable liberty interest, but see Paoli v. Lally, 812 F.2d 1489, 1493 (4th Cir.1988); Bryant v. Anne Arundel County, Maryland, 848 F.2d 492 (4th Cir.1988), the order of the Circuit Court requiring expungement of Wilkins' infraction conviction did not prevent MHC officials from considering the fact of Wilkins' 1976-77 escape which was independently reflected in MHC's records kept in the ordinary course of business as well as in the court records of Wilkins' arrest, conviction and sentencing in connection with the February 1, 1977 breaking and entering charge.
 
 
 4
 AFFIRMED.