870 F.2d 655
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
David MCCLURE, Plaintiff-Appellant,
and
Oliver JONES, Plaintiff,
v.
Patricia RAY, Thomas Pennewell, Hearing Officer, Michael
Bryant, Marjorie Jennings, Commissioner, Phillip
Dantes, Chairperson Maryland Parole
Commission, Defendants-Appellees.
 No. 88-7780.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 30, 1988.
Decided March 3, 1989.
 
 David McClure, appellant pro se.
 Richard M. Kastendieck, Office of the Attorney General of Maryland, for appellees.
 Before WIDENER and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 David McClure,[1] a Maryland inmate, sought federal review under 42 U.S.C. Sec. 1983 of the process by which he was denied parole under Maryland law.[2] The district court granted defendants' motion for summary judgment and plaintiff appeals. We affirm.
 
 
 2
 We dispose of all claims, except the misinformation claim, with the observation that plaintiff has no protected liberty interest in parole under Maryland law. See Bryant v. Maryland, 848 F.2d 492 (4th Cir.1988); Paoli v. Lally, 812 F.2d 1489 (4th Cir.1987). Therefore, plaintiff is not entitled under the fourteenth amendment to procedural due process. See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex, 442 U.S. 1 (1979).
 
 
 3
 In regards to the misinformation claim we find no merit under the analysis of Paine v. Baker, 595 F.2d 197 (4th Cir.) cert. denied, 444 U.S. 925 (1979). Review of the record clearly shows that none of the alleged misstatements of fact are material in a constitutional sense. Id. Moreover, the record shows that the misinformation was not relied on in the decision to deny parole. Under these circumstances, we find no constitutional violation.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 Oliver Jones joined McClure in his original complaint but did not sign the notice of appeal. Thus, Jones' claims are not before this Court on appeal. See Covington v. Allsbrook, 636 F.2d 63 (4th Cir.1980), cert. denied, 451 U.S. 914 (1981)
 
 
 [2]
 Plaintiff complains that his parole hearing was not fully recorded; he was not present for the entire hearing; there was misinformation in his files which disadvantaged his chances for parole; he did not get written copies of his parole rejection within 21 days; and he was refused a transcript of his parole hearing