878 F.2d 380
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John Edward WILLIAMS, Petitioner-Appellant,
v.
Jerry C. HEDRICK, Warden, Charles Brown, Attorney General of
the State of West Virginia, Respondents-Appellees.
 No. 88-6858.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 26, 1989.
Decided June 22, 1989.
 
 John Edward Williams, appellant pro se.
 James Bradley Russell, Office of the Attorney General of West Virginia, for appellees.
 Before DONALD RUSSELL, K.K. HALL, and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 John Edward Williams, a West Virginia prisoner, filed this action pursuant to 28 U.S.C. Sec. 2254. He challenged his confinement for a murder conviction and the conduct of a state habeas proceeding. The district court, considering only the claims relating to the state habeas proceeding, dismissed the petition as without merit and for failure to exhaust state remedies.
 
 
 2
 This Court must exercise its discretion by deciding whether the interests of justice are better served by addressing the merits of a habeas petition or by requiring additional state proceedings under exhaustion notions. Granberry v. Greer, 481 U.S. 129, 135 (1987). Also, this Court should dispose of nonmeritorious petitions without reaching the exhaustion issue. Id. at n. 7.
 
 
 3
 The claims presented by Williams in this action are meritless. We have held that challenges to state habeas proceedings are not cognizable in federal habeas. Bryant v. Maryland, 848 F.2d 492 (4th Cir.1988). Williams's claims challenging the state habeas proceedings are therefore without merit. These claims were properly dismissed by the district court on the merits. Further, the claims, apparently overlooked by the district court, challenging Williams's murder conviction are also meritless. Two of the murder conviction claims concern evidentiary issues. Williams complained the testimony of his codefendant at the third trial was inadmissible as "new evidence." He further averred the admission of evidence of a second murder, a crime with which he was not charged, was error. Errors concerning the admissibility of evidence are not reviewable except to the extent these errors impugn fundamental fairness, Grundler v. North Carolina, 283 F.2d 798, 802 (4th Cir.1960). Upon review of the record, including Williams's state habeas petition in which he raised the same claims, we find no violation of fundamental fairness arising from admission of the challenged evidence. Finally, Williams claimed he was incorrectly sentenced to life imprisonment without mercy. At a murder trial, the jury has the option of granting mercy. W.Va.Code Sec. 62-3-15. In Williams's case the jury failed to exercise the option.
 
 
 4
 To require exhaustion of Williams's nonmeritorious claims would disserve justice. We accordingly deny a certificate of probable cause and dismiss the appeal. We dispense with oral argument because the dispositive issue have recently been decided authoritatively.
 
 
 5
 DISMISSED.