887 F.2d 1079
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Thompson B. HAWKINS-EL, Plaintiff-Appellant,
v.
MARYLAND PAROLE COMMISSION; Paul Davis, Defendants-Appellees.
Thompson B. HAWKINS-EL, Petitioner-Appellant,
v.
Terrie CHAVIS, Warden, Respondent-Appellee.
 Nos. 89-7037, 89-7119.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 31, 1989.
Decided: Sept. 21, 1989.
 
 Thompson B. Hawkins-El, appellant pro se.
 John Joseph Curran, Jr., Attorney General, George Albert Eichhorn, III, Kreg Paul Greer (Office of the Attorney General of Maryland).
 Before WIDENER, K.K. HALL and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Thompson B. Hawkins-El seeks to appeal from an order of the district court refusing habeas corpus relief pursuant to 28 U.S.C. Sec. 2254, and also appeals from the district court's order denying relief under 42 U.S.C. Sec. 1983. We agree with the district court in both cases.
 
 
 2
 In No. 89-7037, our review of the record and the district court's opinion discloses that the appeal is without merit. We therefore affirm on the reasoning of the district court and note that as the Maryland parole statute does not create a legitimate expectation of parole, no due process right is involved here. Bryant v. Maryland, 848 F.2d 492 (4th Cir.1988).
 
 
 3
 In No. 89-7119, we find that Hawkins-El received a hearing on his Fourth Amendment claim in state court and federal review is, therefore, not available. Stone v. Powell, 428 U.S. 465 (1976). The record discloses that evidence was presented which was sufficient for a rational jury to convict Hawkins-El of the crimes charged. We discern no knowing use of perjured testimony and no misconduct on the part of either the trial judge or the prosecutor which might make the verdict questionable. The admission into evidence of the gun found in the apartment where Hawkins-El was living does not present a federal question. Chance v. Garrison, 537 F.2d 1212 (4th Cir.1976). Although Hawkins-El was not charged with any weapons violation, the gun was relevant to the rape charge, as the evidence was that it was used to coerce the victims.
 
 
 4
 Accordingly, we affirm the judgment of the district court in No. 89-7037 and we deny a certificate of probable cause to appeal and dismiss the appeal in No. 89-7119. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court, and argument would not aid the decisional process.
 
 
 5
 No. 89-7037--AFFIRMED.
 
 
 6
 No. 89-7119--DISMISSED.