953 F.2d 1391
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ronald Dean LANCASTER, Petitioner-Appellant,
v.
Eldon BARNES, Warden, Respondent-Appellee.
 No. 91-4049.
 United States Court of Appeals, Tenth Circuit.
 Jan. 23, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 On October 20, 1989, Petitioner Ronald Dean Lancaster filed the instant petition for federal habeas relief pursuant to 28 U.S.C. § 2254. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). On November 27, 1990, the magistrate judge issued his report and recommendation finding no basis for granting relief to Petitioner. Objections to the magistrate judge's report and recommendation were filed. After conducting a de novo review, the district court concluded that Petitioner was not entitled to relief and dismissed the petition on February 19, 1991. This appeal followed.
 
 
 3
 Petitioner was originally charged with first degree murder committed during the commission of rape, a capital felony under Utah Code Ann. § 76-5-202(1)(d) (1978). On June 26, 1978, as a result of a plea bargain, Petitioner entered a plea of guilty to an amended information which charged murder in the second degree, a first degree felony under Utah Code Ann. § 76-5-203(1)(a) (1978). Petitioner was sentenced to imprisonment for the indeterminate term applicable to cases of first degree felony, five years to life, pursuant to Utah Code Ann. § 76-3-203(1) (1978). Petitioner did not take a direct appeal. However, Petitioner did seek state post-conviction relief which was denied.
 
 
 4
 In this appeal, Petitioner raises several arguments which can be summarized as follows: (1) invalid guilty plea; (2) ineffective assistance of counsel; (3) unconstitutionality of the Utah murder statutes; and (4) inadequate hearing during state post-conviction proceedings. Petitioner further asserts that he was entitled to an evidentiary hearing in the district court. We will address each of the arguments raised by Petitioner in turn.
 
 
 5
 Petitioner's initial claim for habeas relief, liberally construed, raises two challenges to the validity of his guilty plea. First, Petitioner argues that the state trial court failed to determine whether there was a factual basis for his plea. Specifically, Petitioner contends that the state trial court did not determine whether Petitioner acted with an "intent" to cause death which is an element of second degree murder under Utah law. This claim, however, does not state a basis for habeas relief. In order to state a claim under § 2254, Petitioner must allege a constitutional violation. Courts are generally not required by the federal constitution to establish a factual basis for a guilty plea. See Sena v. Romero, 617 F.2d 579, 581 (10th Cir.1980); Freeman v. Page, 443 F.2d 493, 497 (10th Cir.), cert. denied, 404 U.S. 1001 (1971). The due process clause may require an inquiry by the court in certain circumstances such as a situation in which a defendant protests his innocence. North Carolina v. Alford, 400 U.S. 25, 37-39 (1970). Petitioner, however, has not alleged such circumstances.
 
 
 6
 As his second challenge to the validity of his guilty plea, Petitioner contends that his plea is involuntary because he did not understand the nature of the charge against him. Petitioner maintains that his incomprehension stems from the failure of the state trial court and his counsel to explain the exact nature of second degree murder under Utah law. Specifically, Petitioner contends that he was never informed that an intent to cause death was an element of second degree murder.
 
 
 7
 In order for a guilty plea to be voluntary in the constitutional sense, a defendant must have a complete understanding of the charge against him. Marshall v. Lonberger, 459 U.S. 422, 436 (1983); Henderson v. Morgan, 426 U.S. 637, 645 n. 13 (1976). "Without ... proof that [the defendant] in fact understood the charge, the plea cannot be voluntary...." Henderson, 426 U.S. at 645 n. 13.
 
 
 8
 We agree with the district court that the transcript of Petitioner's plea hearing clearly indicates that he was not ignorant of the intent element of second degree murder. The state trial judge's colloquy with Petitioner during the acceptance of Petitioner's plea included the following:
 
 
 9
 THE COURT: You understand the State would have to prove beyond a reasonable doubt to the satisfaction of eight jurors that on the 4th of February, 1978 in Salt Lake County that you, Ronald Dean Lancaster, did intentionally and knowingly cause the death of Patricia Cobb? The State would have to prove that beyond a reasonable doubt to the satisfaction of eight jurors, eight of your peers as jurors?
 
 
 10
 THE DEFENDANT: I'm aware of that?
 
 
 11
 THE COURT: You're aware of that?
 
 
 12
 THE DEFENDANT: Yes.
 
 
 13
 * * *
 
 
 14
 * * *
 
 
 15
 THE COURT: How do you plead, Mr. Lancaster?
 
 
 16
 THE DEFENDANT: Guilty.
 
 
 17
 THE COURT: To the charge of criminal homicide, murder in the second degree, a first-degree felony that on or about the 4th of February 1978 that you, Ronald Dean Lancaster, did intentionally and knowingly cause the death of Patricia Cobb?
 
 
 18
 THE DEFENDANT: I plead guilty to that.
 
 
 19
 Transcript of June 26, 1978, Plea Hearing at 6-7 (emphasis added). The operative words intentionally and knowingly were expressly used by the state trial judge in accepting Petitioner's plea. Thus, based on Petitioner's own testimony, the district court correctly concluded that Petitioner understood that intent was an element of second degree murder.
 
 
 20
 Petitioner next argues that he is entitled to habeas relief based on ineffective assistance of counsel. To prove ineffective assistance, Petitioner must show that counsel's performance was deficient and that this deficient performance prejudiced him. Hill v. Lockhart, 474 U.S. 52, 57-58 (1985); Strickland v. Washington, 466 U.S. 668, 687 (1984). Petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.
 
 
 21
 Petitioner argues that his counsel's performance was deficient in two respects. First, Petitioner contends that counsel never apprised him of the intent element of second degree murder. However, as discussed above, the transcript of Petitioner's plea hearing clearly indicates that he was apprised by the state trial court of the element of intent. Under these circumstances, counsel's alleged failure to discuss the elements of second degree murder with Petitioner was not prejudicial. See Creech v. Arave, 947 F.2d 873, 878-79 (9th Cir.1991) (defendant not prejudiced by counsel's failure to explain nature of charges where court provided explanation).
 
 
 22
 Second, Petitioner contends that his attorney's advice to accept the plea bargain and plead guilty to an "intentional" killing constituted ineffective assistance. This advice was well within the range of competence demanded of counsel in criminal cases. There is no dispute in the record that Petitioner killed his victim by stabbing her to death with a knife. The fact that Petitioner struck his victim with a knife permits an inference that he acted with the requisite intent. See, e.g., State v. Frame, 723 P.2d 401, 404 (Utah 1986). Furthermore, Petitioner does not make any argument indicating that he did not have the capacity to form the requisite intent. Thus, Petitioner's claim based on his attorney's advice to plead guilty fails the first prong of the Strickland test. See Laycock v. New Mexico, 880 F.2d 1184, 1187 (10th Cir.1989).
 
 
 23
 Petitioner next argues that Utah's first and second degree murder statutes are unconstitutionally identical. Petitioner also argues that the statutes are vague in defining "intentionally" and "knowingly" and such uncertainty prevented him from pleading guilty to an unintentional killing. We agree with the district court that these arguments are meritless.
 
 
 24
 Under Utah's first degree murder statute, a homicide constitutes murder in the first degree only if an actor "intentionally or knowingly" caused the death of another under specifically enumerated circumstances. See Utah Code Ann. § 76-5-202 (1978). On the other hand, a homicide constitutes murder in the second degree if an actor "intentionally or knowingly" caused the death of another without regard to any aggravating circumstances. See Utah Code Ann. § 76-5-203(a)(1) (1978). Thus, the statutes, rather than being identical as Petitioner contends, are vastly different.
 
 
 25
 Furthermore, the standards of "intentionally" and "knowingly" in Utah's first and second degree murder statutes are not so vague that they do not provide guidance for actors. Both "intentionally" and "knowingly" are defined by the Utah criminal code.[1] These definitions are sufficiently specific to avoid due process vagueness problems. See New England Accessories Trade Ass'n v. Tierney, 691 F.2d 35, 37 (1st Cir.1982) (finding similar definitions under the Maine criminal code constitutionally sufficient).
 
 
 26
 Petitioner next argues that he was provided an inadequate hearing during his state post-conviction proceedings. This argument does not state a claim for federal habeas relief. Habeas corpus is available to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Even if there was error in his state post-conviction proceedings, this would not entitle Petitioner to habeas relief since Petitioner's claim represents an attack on a proceeding collateral to his detention and not the detention itself. See Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir.1988) (and cases cited therein).
 
 
 27
 As his final argument on appeal, Petitioner contends that the district court erred in not conducting an evidentiary hearing. However, the record conclusively establishes that Petitioner is not entitled to habeas relief. Therefore, an evidentiary hearing was not necessary. See Hill v. Lockhart, 731 F.2d 568, 572 (8th Cir.1984), aff'd, 474 U.S. 52 (1985).
 
 
 28
 Accordingly, the judgment of the United States District Court for the District of Utah is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 *
 A person engages in conduct:
 (1) Intentionally, or with intent or willfully with respect to the nature of his conduct or to a result of his conduct, when it is his conscious objective or desire to engage in the conduct or cause the result.
 (2) Knowingly, or with knowledge, with respect to his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or the existing circumstances. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.
 Utah Code Ann. § 76-2-103.