974 F.2d 1345
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ronald D. LANCASTER, Petitioner-Appellant,
v.
Fred VAN DER VEUR, Respondent-Appellee.
 No. 92-4006.
 United States Court of Appeals, Tenth Circuit.
 Aug. 18, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Ronald Dean Lancaster appeals the dismissal of his second federal habeas corpus petition challenging his Utah conviction for aggravated assault by a prisoner. This court affirmed the dismissal of his initial habeas petition, see Lancaster v. Cook, 930 F.2d 24 (table) (10th Cir.1991), and we now affirm the dismissal of his second petition.
 
 
 3
 All of the claims raised by Mr. Lancaster in his second petition are, by definition, either abusive or successive. See Robison v. Maynard, 958 F.2d 1013, 1015-16 (10th Cir.), cert. denied, 112 S.Ct. 1461 (1992). Mr. Lancaster makes four claims in his second petition. Three of these claims were specifically raised in his first habeas petition. These claims are successive, and Mr. Lancaster must show that the ends of justice would be served by reaching the merits of these issues again. See Sanders v. United States, 373 U.S. 1, 15 (1963). Mr. Lancaster has not made such a showing and the district court did not err by declining to consider these arguments again.
 
 
 4
 Mr. Lancaster also claims that he did not receive an effective appeal of his conviction before the Utah Supreme Court. He argues that the Utah court did not specifically address several of the errors Mr. Lancaster claimed infected his trial on the assault charge, and that the whole of the appellate process afforded him was constitutionally inadequate. See Appellant's Opening Brief, Addendum B at 3. This claim was not explicitly raised by Mr. Lancaster's first habeas petition. Thus, the claim initially appears abusive. It is the state's burden to claim abuse of the writ, and it did so below. See rec., doc. 9 at 7. In response, petitioner must show cause and prejudice for his failure to raise this argument in his prior petition. McCleskey v. Zant, 111 S.Ct. 1454, 1470 (1991). Mr. Lancaster argues that a liberal construction of his prior pleading indicates that he did raise this argument before, see rec., doc. 10, and that he therefore need not make a showing of cause and prejudice. Magistrate Boyce did not resolve this argument, deciding instead that the claim was mooted by the Tenth Circuit's consideration of the issues Mr. Lancaster claimed the Utah Supreme Court ignored. See rec., doc. 9 at 8.
 
 
 5
 Because Mr. Lancaster's claim goes to the process afforded him on direct appeal, as well as to whether his arguments have been addressed by a competent court, his claim is not moot. The decision below must nevertheless be affirmed because the claim is barred under either Sanders or McCleskey. Petitioner has shown neither that the ends of justice would be served by hearing this claim again nor that he had cause for his failure to bring this claim in his first petition. In short, under either potentially applicable standard, the district court's dismissal of Mr. Lancaster's claim was correct.
 
 
 6
 Except for the differences discussed above, we AFFIRM for substantially the reasons stated in the magistrate judge's report, which the district court adopted. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3