977 F.2d 571
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Clarence Melvin BATTLE, Petitioner-Appellant,
v.
Talmadge BARNETT; Lacy H. Thornburg, Attorney General of
the State of North Carolina, Respondents-Appellees.
Clarence Melvin BATTLE, Petitioner-Appellant,
v.
Talmadge BARNETT; Lact H. Thornburg, Attorney General of
the State of North Carolina, Respondents-Appellees.
 Nos. 92-6100, 92-6326.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 27, 1992
Decided: October 2, 1992
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CA-91-208-HC)
 Clarence Melvin Battle, Appellant Pro Se.
 Clarence Joe DelForge, III, Office of the Attorney General of North Carolina, Raleigh, North Carolina, for Appellees.
 E.D.N.C.
 Dismissed.
 Before WIDENER, HALL, and PHILLIPS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Clarence Melvin Battle, a North Carolina prisoner, brought this habeas corpus petition, his third, challenging the validity of his conviction for first-degree murder. The district court dismissed the petition, holding that some claims were successive or abusive, and other claims lacked merit. Battle appealed the dismissal of his petition; he also appealed the denial of several post-judgment motions. Finding no error in the district court's orders, we deny certificates of probable cause to appeal, and dismiss the appeals.
 
 92-6100
 
 2
 The first issue on appeal is whether the district court correctly denied two of Battle's claims on the merits. The state court's failure to afford Battle an evidentiary hearing in the state post-conviction relief proceeding did not deprive him of any constitutional right, and thus did not provide any ground for habeas relief. Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988). Further, as the district court correctly noted, the trial court's instruction to the jury that both premeditation and lying in wait could serve as bases for a conviction of first degree murder did not violate the Double Jeopardy Clause. We hold that the district court correctly dismissed these claims on the merits.
 
 
 3
 The district court properly dismissed the remainder of the petition as successive or abusive under Habeas Rule 9(b). This is Battle's third petition for federal habeas corpus review. The claims dismissed by the district court under Rule 9(b) were insufficiency of the evidence, ineffective assistance of counsel, and, generally, lack of access to a remedy and unlawful detention. Battle raised the same insufficient evidence claim in his first habeas petition. He also claimed ineffective assistance of counsel in the first petition, though his claim there related to counsel's failure to object to jury selection rather than failure to object to evidence and prejudicial comments. Battle's claims that he is unlawfully imprisoned and has been denied a remedy, though not expressly raised in the prior petition, are implicit in those petitions, as they are the fundamental reasons for seeking federal habeas corpus relief in any case.
 
 
 4
 Battle's insufficiency of the evidence claim was properly rejected as successive because he raised the same claim in a prior proceeding and it was denied on the merits in that proceeding. Sanders v. United States, 373 U.S. 1, 7-8 (1963). Further, because Battle raised an allegation of ineffective assistance of counsel in his first petition, though the basis for the claim was slightly different, that claim was properly dismissed as successive in this petition. Miller v. Bordenkircher, 764 F.2d 245, 248-49 (4th Cir. 1985).
 
 
 5
 Finally, to the extent that the general claims of unlawful imprisonment and lack of a remedy are considered new claims, Battle could have raised those claims in a previous petition but failed to do so. Those claims cannot be considered now absent a showing of cause and prejudice or actual innocence. McCleskey v. Zant, 59 U.S.L.W. 4288 (U.S. 1991). Battle has made no such showing here. His only claim in this regard is that his first petition was prepared by an inmate librarian, and the librarian did not inform him that any claim was being deliberately withheld.[1] Battle's reliance on the inmate librarian does not itself constitute cause for his failure to raise these claims in his first petition. Further, he did not raise these claims in his second petition, which he prepared and filed himself. He does not allege that he did not know of the factual or legal basis for these claims, or that there was any sort of government interference which prevented his raising these claims earlier. See 59 U.S.L.W. at 4296. Because Battle did not demonstrate cause for his failure to raise these claims in either of his two previous petitions, the district court did not err in dismissing these claims as abusive.[2]
 
 92-6326
 
 6
 In this appeal Battle challenges the district court's denials of his post-judgment motions, including a motion for summary judgment, a motion for reconsideration of the denial of a certificate of probable cause to appeal, and a motion for release pending appeal. We hold that the district court did not err in denying these motions. First, the motion for summary judgment was properly denied in light of the court's prior disposition of the case in favor of the Respondents. Next, Battle was not prejudiced by the district court's denial of his motion for reconsideration regarding a certificate of probable cause to appeal because this Court considers whether a certificate is warranted regardless of the district court's disposition of such a motion. Fed. R. App. P. 22(b). Finally, the district court correctly denied Battle's motion for release pending appeal because there was not a reasonable possibility that Battle would succeed on appeal, nor were there any extraordinary circumstances justifying release. Calley v. Callaway, 496 F.2d 701 (5th Cir. 1974).
 
 
 7
 We deny Battle's motion to vacate the district court's judgment and his motion for release pending appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid the decisional process.
 
 DISMISSED
 
 
 [1]
 Of course, deliberate withholding of a claim is not the only bar to review of successive habeas petitions in light of McCleskey
 
 
 [2]
 Battle summarily asserts that he is actually innocent because he was insane at the time of the crime. However, his insanity defense was rejected at trial, and he provides no support for his assertion of innocence here