70 F.3d 112
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Adam B. SCOTT-BEY, Petitioner-Appellant,
v.
Lloyd L. WATERS; Attorney General of the State of Maryland,
Respondents-Appellees.
 No. 94-6975.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 24, 1995.
Decided Nov. 16, 1995.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Chief District Judge. (CA-94-1003-JFM).
 Adam B. Scott-Bey, Appellant Pro Se. Kreg Paul Greer, Assistant Attorney General, Baltimore, Maryland, for Appellees.
 D.Md.
 AFFIRMED.
 Before WILKINSON, NIEMEYER, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Adam B. Scott-Bey filed this 28 U.S.C. Sec. 2254 petition raising four claims relating to the testimony of a "last-minute surprise witness" ("Mayne") at his state criminal trial. In his petition, Scott-Bey claimed: (1) because the trial court allowed Mayne to testify, his trial counsel was ineffective in that he could not effectively cross-examine Mayne; (2) the state post-conviction court erred in determining that the trial court, in allowing Mayne to testify, was not prejudiced against Scott-Bey; (3) the state post-conviction court erred in determining that calling Mayne to testify did not constitute prosecutorial misconduct; and (4) the state post-conviction court erred in determining that his appellate counsel was not ineffective.
 
 
 2
 Scott-Bey was convicted, among other things, of two counts of robbery with a dangerous weapon. Mayne, who positively identified Scott-Bey as the person who robbed her brother, was called as a witness after another state witness named her in cross-examination. Because the prosecution was not aware that Mayne was a potential witness until her name was revealed during trial, they were unable to inform the defense that Mayne was a witness until just before her testimony. Over defense objection, Mayne testified. On direct appeal to the Maryland Court of Special Appeals, Scott-Bey's appellate counsel declined to raise the issue of Mayne's testimony because he determined that it was not credible and to do so would cloud a stronger issue--namely, improper statements made on closing argument by the prosecutor.
 
 
 3
 In the present petition Scott-Bey first alleges that his counsel was caused to be ineffective because the trial court allowed Mayne to testify and Scott-Bey's counsel, due to his surprise, could not conduct an effective cross-examination. To the extent that Scott-Bey is arguing that his conviction is defective because of the trial court's action, his claim is without merit. Violations of state law and procedure which do not infringe specific federal constitutional protections are not cognizable under Sec. 2254. Estelle v. McGuire, 60 U.S.L.W. 4015, 4017 (U.S. Dec. 3, 1991).
 
 
 4
 Alternatively, to prevail on his claim of ineffective assistance of counsel, Scott-Bey must demonstrate that his counsel's representation fell below an objective standard of reasonableness, and there is a reasonable probability that, but for counsel's ineffectiveness, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). In applying the competency prong of the test, "counsel is strongly presumed to have rendered adequate assistance." Id. at 690.
 
 
 5
 Scott-Bey makes bare allegations, with no factual support, that his counsel was unable to effectively cross-examine Mayne. Additionally, Scott-Bey fails to specifically allege how he was prejudiced by his counsel's ineffective cross-examination. Consequently, since Scott-Bey has failed to meet either prong of the Strickland test, the district court properly denied Scott-Bey's request for relief with respect to this claim.
 
 
 6
 Scott-Bey's second, third, and fourth claims allege that the postconviction court erred in its findings. Infirmities in state postconviction proceedings cannot serve as a basis for federal habeas relief. Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir.1988). The district court, however, interpreted these three claims, not as attacks on the post-conviction proceeding, but rather as attacks on the criminal trial itself. Although the district court misinterpreted these claims, it properly dismissed them.
 
 
 7
 For these reasons, we affirm the district court's dismissal order, but modify it to reflect that Scott-Bey's second, third, and fourth claims are not subject to federal habeas relief. Scott-Bey v. Waters, No. CA94-1003-JFM (D.Md. July 20, 1994). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 8
 AFFIRMED AS MODIFIED.