FILED
United States Court of Appeals
Tenth Circuit

July 28, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

RONALD DEAN LANCASTER,

Petitioner-Appellant,

v.

ALFRED BIGELOW, Warden;
STATE OF UTAH,

Respondents-Appellees.

No. 11-4015
(D.C. No. 2:09-CV-00930-DN)
(D. Utah)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **HOLMES** and **ANDERSON**, Circuit Judges, **BRORBY**, Senior Circuit Judge.

Petitioner Ronald Dean Lancaster, a Utah state prisoner appearing pro se, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his unauthorized second or successive § 28 U.S.C. § 2254 petition for lack of jurisdiction. We deny COA and dismiss the matter.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 1987, Mr. Lancaster was convicted of aggravated assault by a prisoner and was sentenced to an indeterminate sentence of five years to life.[1] He filed his first 28 U.S.C. § 2254 petition challenging his assault conviction in 1989. This court affirmed the district court's denial of this petition. *See Lancaster v. Cook*, No. 90-4113, 1991 WL 35186, at *2 (10th Cir. Feb. 20, 1991). Shortly thereafter, Mr. Lancaster filed a second § 2254 application challenging his assault conviction and we affirmed the district court's dismissal of that second petition. *Lancaster v. Van Der Veur*, No. 92-4006, 1992 WL 208181, at *1-2 (10th Cir. Aug. 18, 1992) (holding that all of his claims were either abusive or successive).

In 2009, Mr. Lancaster filed a third § 2254 petition in the district court challenging his assault conviction. Under statutory requirements adopted in 1996 as part of the Antiterrorism and Effective Death Penalty Act (AEDPA), however, a prisoner may not file a second or successive § 2254 petition unless he first obtains an order from the circuit court authorizing the district court to consider the motion. 28 U.S.C. § 2244(b)(3)(A).[2] "A district court does not have jurisdiction

---

[1]     Mr. Lancaster was in prison for his 1978 conviction for second-degree murder, for which he is also serving an indeterminate sentence of five years to life. *See Lancaster v. Barnes*, No. 91-4049, 1992 WL 11324, at *4 (10th Cir. Jan. 23, 1992) (affirming the denial of his 28 U.S.C. § 2254 petition challenging that conviction).

[2]     A state prisoner may obtain authorization only to file a claim that was not presented in a prior petition, *see* 28 U.S.C. § 2244(b)(1), and that either "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," *id*. § 2244(b)(2)(A), or

(continued...)

to address the merits of a second or successive . . . § 2254 claim until [the circuit] court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008). Because Mr. Lancaster failed to first obtain circuit-court authorization to file his § 2254 petition as required by § 2244(b)(3)(A), the district court dismissed it for lack of jurisdiction. Mr. Lancaster appeals.

When a district court dismisses a § 2254 motion for lack of jurisdiction under the procedures applicable to second or successive § 2254 motions, the prisoner must obtain a COA to appeal. *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). When, as here, the district court ruled on procedural grounds, a COA may be granted when the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and . . . whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

On appeal, Mr. Lancaster contends that his § 2254 petition was not a second or successive petition. In his proposed § 2254 petition, he sought to present claims that his consecutive prison sentence is illegal because Utah's sentencing scheme is unconstitutional, and that he received inadequate state post-conviction

---

[2](...continued)
relies on facts that "could not have been discovered previously through the exercise of due diligence" and that "would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," *id*. § 2244(b)(2)(B)(i) & (ii).

evidentiary hearings. He argues on appeal that because he is raising new claims, he is not required to obtain circuit-court authorization to file his § 2254 petition. He is mistaken.

Any post-conviction motion that is filed after an initial § 2254 petition and that contains a habeas claim is subject to the authorization requirements for a second or successive filing. *See United States v. Nelson*, 465 F.3d 1145, 1147-49 (10th Cir. 2006); *see also Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006) (holding that a habeas claim is any claim that "in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction"). Mr. Lancaster's proposed new claims do assert a federal basis for relief from his conviction and sentence and are, therefore, subject to § 2244(b)'s authorization requirements. Because Mr. Lancaster did not seek or obtain such authorization, the district court unquestionably lacked jurisdiction to consider the motion. *See Cline*, 531 F.3d at 1251.

Accordingly, we DENY COA and DISMISS this matter. Mr. Lancaster's motion to proceed on appeal in forma pauperis is DENIED because he has failed to advance "a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

Wade Brorby
Senior Circuit Judge

-4-